IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

HERMAN MCCLOUDEN III,                *
                                     *
        Petitioner,                  *
                                     *   CIVIL ACTION NO.
v.                                   *   CV 615-076
                                     *   (Formerly CR 609-015)
UNITED STATES OF AMERICA,            *
                                     *
        Respondent.                  *

O R D E R

On March 23, 2016, this Court denied Petitioner Herman McClouden's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Presently before the Court is Petitioner's motion for reconsideration. Specifically, Petitioner challenges the Court's determination that he is not eligible for post-conviction relief pursuant to the new rule of constitutional law announced in Johnson v. United States, 135 S. Ct. 2551, 2563 (2015) (finding the "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), to be void for vagueness and a violation of the Constitution's guarantee of due process).

Because Petitioner's motion was not filed within 28 days of the entry of judgment, his motion for reconsideration is properly considered under Federal Rule of Civil Procedure 60 rather than 59(e). Rule 60 provides that a Court may relieve a party from judgment in a limited number of circumstances

including: (1) mistake or neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; or, (5) the judgment has been satisfied. Fed. R. Civ. P. 60(b)(1)-(5). Petitioner does not claim relief pursuant to any of these grounds. Nevertheless, the catchall provision of Rule 60(b) authorizes relief from judgment based on "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Relief under Rule 60(b)(6) is an "extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984) (citation omitted). Even if a petitioner provides evidence of extraordinary circumstances, the district court must use its sound discretion in determining whether to grant relief. Cano v. Baker, 435 F.3d 1337, 1342 (11th Cir. 2006).

Upon review of the merits of Petitioner's motion for reconsideration, the Court reaffirms that his reliance on Johnson is misplaced. The ACCA provides a sentence enhancement for a defendant who has three prior convictions for a violent felony. 18 U.S.C. § 924(e)(1). The ACCA defines "violent felony" as any crime punishable by imprisonment for a term exceeding one year that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (known as the "elements clause"); (2) is a burglary, arson, or extortion, [or] involves use of explosives" (known as the "enumerated offenses

2

clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (known as the "residual clause"). 18 U.S.C. § 924(e)(2)(B). The Johnson decision struck down the residual clause of the ACCA, not the other two clauses.

In the Report and Recommendation of February 25, 2016, the Magistrate Judge carefully explained that Petitioner's prior burglary convictions fall under the "enumerated offenses clause," not the invalidated "residual clause." Thus, and notwithstanding Petitioner's insistence to the contrary, the Johnson decision has no impact upon the determination that Petitioner is an armed career criminal. In short, Petitioner's classification as an armed career criminal remains appropriate, and he is not entitled to relief from the judgment entered against him in this § 2255 case.

Upon the foregoing, Petitioner's motion for reconsideration (doc. 52) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 30th day of August, 2016.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

3