# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

| | | |
|---|---|---|
| HERMAN MCCLOUDEN, III, | ) | |
| Movant, | ) ) ) | |
| v. | ) ) | Case No. CV616-089 |
| UNITED STATES OF AMERICA, | ) ) ) | CR609-015 |
| Respondent. | ) | |

## **REPORT AND RECOMMENDATION**

In *McClouden v. United States*, CV609-015, Herman McClouden, III invoked 28 U.S.C. § 2255 to seek, *inter alia*, resentencing absent an armed career criminal enhancement. CR609-015, doc. 36 at 6-7. This Court denied it on the merits, *id.* at 47, *adopted*, doc. 51, and he took no appeal. He has, however, since obtained the Eleventh Circuit's permission to file a successive § 2255 motion. *In re McClouden*, No. 16-13525 (11th Cir. July 12, 2016) (copy attached). The Court is preliminarily reviewing under § 2255 Rule 4.

McClouden's second § 2255 motion fails to meet 28 U.S.C. § 2255(h)(2)'s "previously unavailable" claim requirement[1] because in his earlier § 2255 proceedings he raised a *Johnson* claim[2] and the unappealed March 23, 2016 judgment against him is now final. Section 2255(h)(2) blocks jurisdiction over his attempt to re-litigate it now. Doc. 54 (his June 24, 2016, signature-filed § 2255 motion). *See Ziglar v. United States*, ___ F.Supp. 3d ___, 2016 WL 4257773 at * 5 (M.D. Ala. Aug. 11, 2016); *Burgess v. United States*, 2016 WL 4618814 at * 2 (S.D. Ga. Sept. 6, 2016). And the successiveness grant is not binding. *In re*

---

[1] *See* 28 U.S.C. § 2255 (h)(2) ("A second or successive motion must be certified . . . to contain . . . (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.").

[2] He sought then, and seeks now, to exploit the new rule announced in *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551 (2015), made retroactive by *Welch v. United States*, ___ U.S. ___, 136 S. Ct. 1257 (2016), and otherwise triggering a lot of successive filings. *See, e.g., In re Fleur*, 824 F.3d 1337 (11th Cir. 2016); *In re Hines*, 824 F.3d 1334 (11th Cir. 2016), and *In re Ricardo Pinder, Jr.*, 824 F.3d 977 (11th Cir. 2016). The Armed Career Criminal Act (ACCA) -- the statute *Johnson* addressed -- provides enhanced penalties for defendants who are (1) convicted of being felons in possession of firearms in violation of 18 U.S.C. § 922(g) and (2) have "three prior convictions . . . for a violent felony or a serious drug offense, or both." It defines "violent felony" as, among other things, a felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* at § 924(e)(2)(B). *Johnson* found that "residual" clause so vague that it violates due process. *See* 135 S. Ct. at 2557.

*Moore*, ___ F.3d ___, 2016 WL 4010433 at * 2 (11th Cir. July 27, 2016)).[3]

In fact, the Eleventh Circuit has since ruled that

> [u]nder 28 U.S.C. § 2244(b)(1), "[a] claim presented in a second or successive habeas corpus application under [28 U.S.C] section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). We have held that § 2244(b)(1)'s mandate applies to applications for leave to file a second or successive § 2255 motion. *In re Baptiste*, No. 16-13959, manuscript op. at 3-4, ___ F.3d ___, ___, 2016 WL 3752118 (11th Cir. July 13, 2016). We also have held that a prisoner may not file "what amounts to a motion for reconsideration under the guise of a separate and purportedly 'new' application" when the new application raises the same claim that was raised and rejected in the prior application. *Id.* at 5, ___ F.3d at ___.

*In re Jones*, ___ F.3d ___, 2016 WL 4011143 at * 1 (11th Cir. July 27, 2016); *see also In re Parker*, ___ F.3d ___, 2016 WL 4206373 at * 1 (11th Cir. Aug. 10, 2016) ("Under *In re Baptiste*, a later request of a prisoner who has previously filed a request for authorization to file a second or successive petition based on the same claim must be dismissed. Because Parker has already filed a request presenting a claim based on *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551, 192 L.Ed.2d 569 (2015), we must dismiss his current request, regardless of its merit, since it

---

[3] The *Moore* court reminded that a successiveness grant is but a limited determination, so district courts must decide anew whether a § 2255 movant has satisfied the statutory successiveness requirements; only after the district court has done that should it reach the § 2255 motion's merits. *Moore*, 2016 WL 4010433 at *3.

3

raises the same claim as his first request.").[4] Per *Jones* and *Parker*, McClouden's § 2255 motion must be **DISMISSED** for want of jurisdiction.

Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2255 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant.")

---

[4] Some Eleventh Circuit judges have dissented from this result. A recent panel majority responded:

> Some decisions from our Court following *Baptiste* as binding precedent have also included special concurrences or dissents suggesting that *Baptiste* may have been wrongly decided. The central theme of these separate opinions is their contention that § 2244(b)(1)'s prohibition of a repeat filing based on a claim previously rejected applies only to § 2254 petitions, not to § 2255 motions. Further, as this argument goes, even if § 2244(b)(1) does apply to § 2255 motions, it applies only to claims actually raised in a § 2255 motion in the district court, not claims repeatedly raised in applications for certification by this Court to file a successive § 2255 motion. *See In re Anderson*, ___ F.3d ___, ___ - ___, 2016 WL 3947746, at *4-5 (11th Cir. 2016); *see also In re Clayton*, ___ F.3d ___, ___, 2016 WL 3878156, at *9 (11th Cir. 2016). Yet, as cogently and persuasively explained in *Baptiste*, the above argument fails on both counts. *See Baptiste*, 2016 WL 3752118, at *2.

*In re Bradford*, ___ F.3d ___, 2016 WL 4010437 at * 2 (11th Cir. July 27, 2016).

4

(emphasis added). Any motion for leave to appeal *in forma pauperis* therefore is moot.

**SO REPORTED AND RECOMMENDED** this 19th day of September, 2016.

                                         UNITED STATES MAGISTRATE JUDGE
                                         SOUTHERN DISTRICT OF GEORGIA

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 16-13525-J

IN RE: HERMAN MCCLOUDEN,

                                                                                                                                                 Petitioner.

Application for Leave to File a Second or Successive
Motion to Vacate, Set Aside,
or Correct Sentence, 28 U.S.C. § 2255(h)

Before MARCUS, MARTIN, ROSENBAUM, Circuit Judges.

BY THE PANEL:

Pursuant to 28 U.S.C. §§ 2255(h) and 2244(b)(3)(A), Herman McClouden has filed an application seeking an order authorizing the district court to consider a second or successive motion to vacate, set aside, or correct his federal sentence, 28 U.S.C. § 2255. Such authorization may be granted only if we certify that the second or successive motion contains a claim involving:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

>  (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). "The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection." *Id.* § 2244(b)(3)(C); *see also Jordan v. Sec'y, Dep't of Corrs.*, 485 F.3d 1351, 1357-58 (11th Cir. 2007) (explaining that this Court's determination that an applicant has made a *prima facie* showing that the statutory criteria have been met is simply a threshold determination). When a petitioner seeks leave to pursue a successive § 2255 motion under § 2255(h)(2), we have held that a petitioner must demonstrate a "reasonable likelihood" that they will benefit from a new, retroactive, and previously unavailable constitutional rule in order to make a *prima facie* showing that their application satisfies the requirements of §§ 2244(b) and 2255(h). *See In re Holladay*, 331 F.3d 1169, 1173-74 & n.1 (11th Cir. 2003).

# I

McClouden is a federal prisoner serving a 180-month sentence for unlicensed dealing in firearms in violation of 18 U.S.C. § 922(a)(1)(A) and possessing a firearm in violation of § 922(g)(1). Ordinarily, the maximum sentence for McClouden's unlicensed dealing conviction is 5 years' imprisonment and the maximum sentence

for a violation of § 922(g)(1) is 10 years' imprisonment. *See* 18 U.S.C. § 924(a)(1)-(2). However, the Armed Career Criminal Act ("ACCA") mandates that a defendant receive an enhanced sentence when he has at least three prior qualifying convictions for a "serious drug offense" or "violent felony." *See* 18 U.S.C. § 924(e)(1). The ACCA defines the term "violent felony" as any crime punishable by a term of imprisonment exceeding one year that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). The first prong of this definition is sometimes referred to as the "elements clause," while the second prong contains the "enumerated crimes" and, finally, what is commonly called the "residual clause." *United States v. Owens*, 672 F.3d 966, 968 (11th Cir. 2012).

Prior to McClouden's sentencing, a probation officer prepared a Presentence Investigation Report ("PSR") recommending that McClouden's sentence be enhanced pursuant to the ACCA. The PSR states that the ACCA enhancement is required based on McClouden's 2000 Georgia conviction for two counts of burglary and one count of robbery, and his 2006 Georgia conviction for possessing cocaine with intent to distribute. At McClouden's sentencing, the sentencing court adopted

3

the PSR's recommendation and imposed an ACCA-enhanced sentence.

In his application, McClouden indicates that he wishes to raise one claim in a second or successive § 2255 motion. He contends that, following the Supreme Court's decision in *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), his ACCA enhancement is no longer valid.

In *Johnson*, the Supreme Court held that the residual clause of the ACCA is unconstitutionally vague because it creates uncertainty about how to evaluate the risks posed by a crime and how much risk it takes to qualify as a violent felony. *Johnson*, 576 U.S. at ___, 135 S. Ct. at 2557-58, 2563. On April 18, 2016, the Supreme Court held that *Johnson* announced a new substantive rule that applies retroactively to cases on collateral review. *Welch v. United States*, 578 U.S. ___, 136 S. Ct. 1257 (2016). As such, *Johnson* qualifies as a new rule of constitutional law for purposes of § 2255(h)(2).

In *In re Rogers*, No. 16-12626 (11th Cir. June 17, 2016), we held that we may only deny a *Johnson*-based application when

> (1) the sentencing court record demonstrates that the sentencing court specifically identified three prior convictions as qualifying as ACCA predicates under the elements or enumerated crimes clauses, or based on the "serious drug offense" provision of the ACCA; and/or (2) under binding precedent, it is clear that the prior convictions the sentencing court identified categorically qualify as ACCA predicates under the elements or

> enumerated crimes clauses or, alternatively, the ACCA's "serious drug offense" provision. When the record does not make clear that the sentencing court relied solely on the ACCA's still-valid provisions to classify each predicate offense and binding precedent does not otherwise demonstrate that only valid ACCA clauses are implicated, we apply *Descamps v. United States*. At that point, if it is unclear from binding precedent that the state statute at issue is divisible under *Descamps*, then the applicant has made out a *prima facie* case that his application contains a *Johnson* claim under § 2255(h).

*Id.* slip op. at 3-4.

Here, McClouden has made a *prima facie* case that his application contains a *Johnson* claim. In Georgia, robbery can be committed in one three of ways: by use of force; by intimidation, threat or coercion, or placing a person in fear of immediate bodily injury; or by "sudden snatching." O.C.G.A. § 16-8-40. Where the defendant commits robbery by sudden snatching, the statute does not require the use of violent, physical force, *see Johnson v. United States*, 559 U.S. 133, 138 (2010), but can be committed where, for example, the victim merely observes the defendant commit larceny, *see, e.g.*, *Sweet v. State*, 697 S.E.2d 246, 248-49 (Ga. Ct. App. 2010); *King v. State*, 447 S.E.2d 645, 647 (Ga. Ct. App. 1994). The government has conceded that point post-Johnson. *See United States v. Robinson*, No. 14-cr-6, D.E. 129 at 13 (W.D. Va. Aug. 12, 2015). Accordingly, Georgia robbery does not categorically qualify as a violent felony following *Johnson*. And here the PSR does

5

not reveal whether McClouden committed robbery involving the use of physical force or robbery involving sudden snatching. As such, McClouden's robbery may no longer qualify as an ACCA predicate offense following *Johnson*.

Likewise, McClouden's conviction for two counts of burglary may no longer qualify as ACCA predicate offenses. Georgia law defines burglary as follows:

> (b) A person commits the offense of burglary in the first degree when, without authority and with the intent to commit a felony or theft therein, he or she enters or remains within an occupied, unoccupied, or vacant dwelling house of another or any building, vehicle, railroad car, watercraft, aircraft, or other such structure designed for use as the dwelling of another. . . .
>
> (c) A person commits the offense of burglary in the second degree when, without authority and with the intent to commit a felony or theft therein, he or she enters or remains within an occupied, unoccupied, or vacant building, structure, vehicle, railroad car, watercraft, or aircraft.

O.G.C.A. § 16-7-1. Georgia burglary does not include "as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). Following *Johnson*, then, a Georgia burglary conviction could only qualify as an ACCA predicate offense if it qualifies under the ACCA's enumerated-crimes clause.

Under *Taylor v. United States*, 495 U.S. 575, 110 S. Ct. 2143 (1990), an offense constitutes "burglary" under the ACCA's enumerated-crimes clause "if

6

either its statutory definition substantially corresponds to 'generic' burglary, or the charging paper and jury instructions actually required the jury to find all the elements of generic burglary in order to convict the defendant," 495 U.S. at 602, 110 S. Ct. at 2160, those being "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime," *id.* at 598-99, 110 S. Ct. at 2158. We have acknowledged that the definition of "burglary" under Georgia law is broader than that of generic burglary. *See United States v. Wade*, 458 F.3d 1273, 1278 (11th Cir. 2006). Therefore, Georgia burglary convictions could only qualify as ACCA predicate offenses if the Georgia burglary statute is divisible. *See Descamps v. United States*, __ U.S. __, 133 S. Ct. 2276 (2013).

We have not addressed whether, following *Descamps*, Georgia's burglary statute is divisible. Before *Descamps*, we held that a Georgia burglary conviction could qualify as a "violent felony" under the ACCA's enumerated-crimes clause where a defedant's PSR revealed that a defendant had in fact committed generic burglary. *Wade*, 458 F.3d at 1278. However, our decision in *Wade* has likely been abrogated by the Supreme Court's recent decision in *Mathis v. United States*, No. 15-6092, 2016 WL 3434400 (U.S. June 23, 2016).

There, the Supreme Court reiterated that where a statute lists alternative means of committing a single element such that the element is broader than its

7

corresponding element in the generic crime, a conviction under that statute will not qualify under the ACCA's enumerated-crimes clause. *Id.* In *Mathis*, for instance, the Court held that a conviction under Iowa's "burglary" statute does not qualify as an ACCA predicate offense because it criminalizes unlawful entry into "a broader range of places" than generic burglary's "building or other structure," including "any . . . land, water, or air vehicle." *Id.* at *5. Like Iowa's burglary statute, Georgia's burglary statute criminalizes unlawful entry into any "vehicle, railroad car, watercraft, or aircraft." O.G.C.A. § 16-7-1. Following *Mathis*, a burglary conviction under Georgia law likely no longer qualifies as an ACCA predicate offense.

Following *Johnson*, then, McClouden may only have a single ACCA predicate offense that remains valid. As such, he has met his burden of making a *prima facie* case under §§ 2244(b)(3)(A) and 2255(h).

### III

We note that on July 7, 2015, McClouden filed an original § 2255 motion in the district court. On March 23, 2016, the district court entered an order dismissing the motion. On April 6, McClouden filed a motion for reconsideration, asserting a *Johnson*-based challenge to his sentence for the first time. That motion is still pending.

8

When a party files a motion for reconsideration more than ten days after entry of final judgment, we construe it as a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). *Mahone v. Ray*, 326 F.3d 1176, 1177 n.1 (11th Cir. 2003). In *Gilbert v. United States*, 640 F.3d 1293 (11th Cir. 2011), we held that a petitioner may not evade 28 U.S.C. § 2255(h)'s second or successive motions bar by raising a new challenge to his or her sentence for the first time in a Rule 60(b) motion. *Id.* at 1323. Instead, a petitioner must file an application for authorization to pursue a second or successive motion pursuant to §§ 2244(b)(3)(A) and 2255(h). As such, McClouden's instant application, and not his Rule 60(b) motion, is the correct vehicle for raising his *Johnson*-based challenge, and McClouden's Rule 60(b) motion will no doubt be denied under *Gilbert*. In the interests of judicial economy, we will construe McClouden's instant application as a properly filed application for leave to pursue a "second or successive" § 2255 motion.

## IV

For the reasons above, McClouden's application for leave to pursue a second or successive § 2255 motion is **GRANTED**.