UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | | |
|---|---|---|
| HERMAN MCCLOUDEN, III, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. CV616-089 |
| | ) | CR609-015 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

In *McClouden v. United States*, CR609-015, Herman McClouden, III invoked 28 U.S.C. § 2255 seeking, *inter alia*, resentencing absent an armed career criminal enhancement. CR609-015, doc. 36 at 6-7. This Court denied the motion on the merits, *id.* at 47, *adopted*, doc. 51, and McClouden took no appeal. He has, however, since obtained the Eleventh Circuit's permission to file a successive § 2255 motion, *In re McClouden*, No. 16-13525 (11th Cir. July 12, 2016) (copy attached to doc. 3), and he has done just that. Doc. 54. The Magistrate Judge preliminarily reviewed it[1] under § 2255 Rule 4 and advised dismissal

---

[1] He sought then, and seeks now, to exploit the new rule announced in *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551 (2015), made retroactive by *Welch v. United States*, ___ U.S. ___, 136 S. Ct. 1257 (2016). The Armed Career Criminal Act

because he failed to meet 28 U.S.C. § 2255(h)(2)'s "previously unavailable" claim requirement. Doc. 57.

McClouden objects and points to what the Eleventh Circuit said about the legal effect of his prior § 2255 motion's disposition, doc. 59 at 2-3, but that's plainly meritless. That court (on July 12, 2016) merely noted that this Court had failed to rule on his motion to reconsider its prior denial of his § 2255 motion. Doc. 57 at 13-14. This Court has since denied it, doc. 56 ("Thus, and notwithstanding Petitioner's insistence to the contrary, the *Johnson* decision has no impact upon the determination that Petitioner is an armed career criminal."), and now **OVERRULES** McClouden's R&R Objection (doc. 59), which at best rehashes his now twice-rejected *Johnson* claim.

The Court thus **ADOPTS** the R&R (doc. 57), including the Certificate of Appealability denial (doc. 57 at 4-5), and **DISMISSES** Herman McClouden's latest § 2255 motion. Doc. 54. The Court also **DENIES** his motion for appointment of counsel. Doc. 53.

---

(ACCA) -- the statute *Johnson* addressed -- provides enhanced penalties for defendants who are (1) convicted of being felons in possession of firearms in violation of 18 U.S.C. § 922(g) and (2) have "three prior convictions . . . for a violent felony or a serious drug offense, or both." It defines "violent felony" as, among other things, a felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* at § 924(e)(2)(B). *Johnson* found that "residual" clause so vague that it violates due process. *See* 135 S. Ct. at 2557.

**ORDER ENTERED** at Augusta, Georgia, this 21st day of October, 2016.

/s/ J. Randal Hall
HON. J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA